LAW OFFICES OF
O'KEKE & ASSOCIATES, P.C.
801 Franklin Avenue.
Brooklyn, New York 11238
Tel.: (718) 855-9595
Attorneys for plaintiff(s)
------------------------------------X----------------------------
JAY SMITH,                          :**UNITED STATES DISTRICT COURT**
                                    :**EASTERN DISTRICT OF NEW YORK**
            Plaintiff(s),           :
                                    :   CASE No.: 15 CV 1907
    against                         :
                                    :   **(SJ) (VVP)**
                                    :
THE CITY OF NEW YORK,               :   CIVIL ACTION
P.O. RODNEY GREENIDGE,SHIELD #28511:
P.O. CRAIG WRIGHT, SHIELD #30425    :   **FIRST AMENDED COMPLAINT**
SERGEANT JESSICA GAVARS SHIELD #2298:
                                    :       **PLAINTIFF DEMANDS**
                                    :       TRIAL BY JURY
            Defendant(s).           :
------------------------------------X----------------------------


     TAKE NOTICE, the Plaintiff, Jay Smith, hereby appears in
this action by his attorneys, The Law Offices of O'keke &
Associates, P.C., and demands that all papers be served upon
him, at the address below, in this matter.


     Plaintiff, Jay Smith, by his attorneys, The Law Offices of
O'keke & Associates, P.C., complaining of the defendants, The
City of New York, P.O. Rodney Greenidge, Shield #28511, P.O.
Craig Wright, Shield #30425 and Sergeant Jessica Gavars Shield
#2298 collectively referred to as the Defendants, upon
information and belief alleges as follows:


                    <u>**NATURE OF THE ACTION**</u>

1.   This is an action at law to redress the deprivation of
     rights secured to the plaintiff under color of statute,
     ordinance, regulation, custom, and or to redress the

                              1

deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5. All conditions precedent to the filing of this action have been complied with.

## PARTIES

6. Plaintiff resides in Brooklyn, Kings County, New York and is a resident of the State of New York.

7. The actions which form the underlying basis for this case all took place in the County of Kings, within the jurisdiction of the Eastern District of New York.

8. Defendants, P.O. Rodney Greenidge, Shield #28511, P.O. Craig Wright, Shield #30425 and Sergeant Jessica Gavars Shield #2298, are police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendant Police Officer.

10. Defendants "John Doe" and "Jane Doe" 1'through'10 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. On or about June 24, 2014 sometime after 8:30 in the morning hours, the plaintiff was driving down Berriman Street, coming from Pitkin Avenue, heading towards Glenmore Avenue, when he noticed the defendants sirens and flashing lights behind him. The plaintiff pulled over on Berriman Street, close to the intersection of Berriman Street and Glenmore Avenue, thinking that the defendants were going to drive past.

12. That instead of driving past, the defendants also pulled over and defendant Greenidge approached the driver's side of the car that was being driven by plaintiff. Upon reaching the plaintiff's car, Defendant Greenidge reached

3

through the driver's side window and grabbed plaintiff by the shirt with one hand, and then started punching the plaintiff with his other hand.

13. The plaintiff started screaming for help which appeared to enrage defendant Greenidge more, as defendant Greenidge continued to throw more punches while attempting to drag and pull plaintiff out through the same driver's side window.

14. That at the time plaintiff was being punched and pulled out of the window, the plaintiff continued to scream for help and assistance, which caused passersby to stop and start shouting at the defendant officer, who then backed off and allowed plaintiff to unfasten his seat belt and then was dragged out of the car.  By this time plaintiff's upper shirt had been totally ripped and the plaintiff has sustained numerous blows and bruises to his face and head.

15. That during the entire incident, defendant P.O. Craig Wright stood by and did nothing to stop defendant Greenidge from unlawfully assaulting, intimidating and violating the plaintiff's rights.  Later on defendant, Sergeant Jessica Gavars responded to the scene but stood by and did nothing to stop defendant Greenidge from unlawfully assaulting, intimidating and violating the plaintiff's rights despite plaintiff's complaints to her.

16. That thereafter the plaintiff was handcuffed and taken to the NYPD 75th Precinct, where he was searched and then placed in a holding cell for several hours.  Defendant Greenidge, intentionally placed the handcuffs on extremely tight to inflict more pain on the plaintiff.

17. That plaintiff requested repeatedly for the handcuffs to be loosened due to its tightness, but the defendants ignored him or shouted at the plaintiff to shut up.  The handcuffs

were only removed after plaintiff had been pedigreed and placed in a holding cell at the 75th precinct.

18. That after being detained at the 75th Precinct for several hours, plaintiff was then transported to the central bookings division of the criminal court, Kings County, where he was further detained, without food, drink and or access to a functional restroom facility.

19. Plaintiff remained in the custody of the defendants in excess of 24 hours before he was brought before a Judge of the criminal court and then released on his own recognizance

20. The plaintiff was then caused to return to criminal court on at least five separate occasions, before all the charges against the plaintiff were adjourned in contemplation of dismissal.

21. The decision to arrest the plaintiffs was objectively unreasonable under the circumstances.

22. That while plaintiff was being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and/or offense.

23. The factual claim by the defendant officers were materially false and the defendant officers knew it to be materially false at the time they first made it, and every time thereafter when they repeated it.

24. That the defendant officers forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiff's criminal prosecution.

25. That as a direct result of these false allegations by the defendant, the plaintiff was criminally charged under Docket Number 2014KN047060 with PL 120.05(3), Assault in

the Second Degree, AC 16-118(1) Littering, PL 195.05
Obstructing Governmental Administration in the Second
Degree, PL 205.30 Resisting Arrest, PL 240.20(1, Disorderly
Conduct, PL 240. 26(1) Harassment in the Second Degree.

26. The plaintiff remained in the detention of the defendants
in excess of 24 hours, before he was brought before a judge
of the criminal court.  That after plaintiff appeared in
court for at least five times with his retained criminal
attorney on separate dates before all the charges against
the plaintiff were adjourned in contemplation of dismissal.

27. At no time prior to or during the above events was there
probable cause to arrest the plaintiff, nor was it
reasonable for the defendants to believe that probable
cause existed.

28. At no time did any defendant take any steps to intervene
in, prevent, or otherwise limit the misconduct engaged in
by the defendants against the plaintiff.

29. The defendant officers intentionally and deliberately gave
false statements and/or failed to file accurate or
corrective statements, or otherwise failed to report the
conduct of the defendants who engaged in the misconduct
described herein as required.

30. As a direct and proximate result of defendants' actions,
plaintiff suffered and continues to suffer injuries,
including but not limited to emotional distress,
nightmares, and unwarranted severe anger bouts some or all
of which may be permanent.

31. The false arrest of plaintiff and plaintiff's wrongful
imprisonment because of defendants' knowledge of a lack of
any legitimate cause or justification, were intentional,
malicious, reckless and in bad faith.

32. As a direct and proximate result of defendants' actions,

plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

33. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

34. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

35. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

36. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner,

inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

37. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

38. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

39. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

40. In an Order dated November 25, 2009, in Colon v. City of New York, 09 CV 0008 (EDNY), the court held that:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by

>*arresting police officers of the New York City Police Department.  Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

41.  That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

42.  That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate  level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.

43.  The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

44.  By these actions, defendants have deprived plaintiff of

rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

45. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW**

46. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47. The arrest, detention and imprisonment of plaintiff was without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

48. As a result of plaintiff's false arrest and imprisonment, they have been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, was prevented from attending to their necessary affairs, and have been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

49. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

50. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City of New York is vicariously liable for the defendant officers acts as described above.

51.   This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**AS A SECOND CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983**

52.   By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53.   Following the plaintiff's arrest, the defendant officers searched and/or strip-searched and/or caused the plaintiff and/or his property to be searched and/or strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

54.   As a result of the foregoing, the plaintiff was subjected to an illegal and improper search and/or strip-search.

55.   The foregoing unlawful search violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

56.   As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A THIRD CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: EXCESSIVE FORCE UNDER 42 U.S.C § 1983**

57.   By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1

through 56 of this complaint as though fully set forth herein.

58. The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights.

59. As a result of the aforementioned conduct of the defendant officers, the plaintiff was subjected to excessive force, resulting in serious and severe physical injuries.

60. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

**AS A FOURTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983**

61. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

63. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

64. As a consequence of the defendant officers' individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of

wages from work, serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A FIFTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE**

65. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66. Each defendant officer created false evidence against the plaintiffs.

67. Each defendant officer forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

68. Each defendant officer was directly involved in the initiation of criminal proceedings against the plaintiffs.

69. Each defendant officer lacked probable cause to initiate criminal proceedings against the plaintiff.

70. Each defendant officer acted with malice in initiating criminal proceedings against the plaintiff.

71. Each defendant officer was directly involved in the continuation of criminal proceedings against the plaintiff.

72. Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiff.

73. Each defendant officer acted with malice in continuing criminal proceedings against the plaintiff.

74. Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceeding.

75. Each defendant officer misrepresented and falsified

evidence to the prosecutors in the Kings County District Attorney's office.

76. Each defendant officer withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

77. Each defendant officer did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

78. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

79. As a consequence of the defendant officers' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

**AS AN SIXTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983**

80. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 79 of this complaint as though fully set forth herein.

81. The defendant officers arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said

arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

82. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

83. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

84. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they Are/were involved in illegal vice transactions;

b. manufacturing evidence against individuals allegedly involved in illegal vice transactions;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); and

e. wrongfully and unreasonably brutalizing innocent members of the public, despite the lack of probable cause to do so.

85. The aforesaid event was not an isolated incident. The City and its police commissioner has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring

charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

86. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

87. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event, such as the matter at bar, that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal

trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

88. Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected.

89. Additionally, according to a report of the New York City Bar Association issued in 2000, the City and Kelly have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

90. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

91. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal*

*evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

92. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

(d) The right to be free from the use of excessive force.

93. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular,

the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

94. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

95. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

96. The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

   **WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable

attorney's fees; and;

4. For such other and further relief as the court deems proper.


Dated: August 7, 2015,
       Brooklyn, New York


                         O'keke& Associates, PC.

                         /S/ *John Iwuh*
                         _____
                         John C. Iwuh, Esq. (JI-2361)
                         O'keke& Associates, PC.
                         Attorney for Plaintiff
                         801 Franklin Avenue
                         Brooklyn, New York 11238
                         Tel. (718) 855-9595

Civil Case Number: 15 CV 1907 (SJ) (VVP) Attorney: JOHN C. IWUH [JI-2361]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JAY SMITH,

                                    Plaintiff(s),

    against


THE CITY OF NEW YORK,
P.O. RODNEY GREENIDGE, SHIELD #28511,
P.O. CRAIG WRIGHT, SHIELD #30425
SERGEANT JESSICA GAVARS SHIELD #2298

            Defendant(s).

---

**AMENDED SUMMONS & COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**O'keke & Associates, PC**
801 FRANKLIN AVENUE, BROOKLYN NY, 11238
PHONE: (718) 855-9595 FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:


Defendants/Attorney(s) For Defendants.

---

Service of a copy of the within is hereby admitted

Dated:_____

Attorney(S) For:_____

---